```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, L.L.C.        *    CIVIL ACTION: 08-3720

VERSUS                        *    JUDGE IVAN L.R. LEMELLE

AETNA LIFE INSURANCE CO.      *    SECTION "B"

                              *    MAGISTRATE JUDGE DANIEL KNOWLES
```

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

## BACKGROUND

Omega Hospital ("Plaintiff") filed a petition for damages against Aetna Life Insurance Company ("Defendant") in the 1st Parish Court for the Parish of Jefferson. (Rec. Doc. 4). Defendant timely removed the case. (Rec. Doc. 1). The claims arose from Defendant's approval of payment for services rendered by Plaintiff to patient Portia B. (Rec. Doc. 4). Prior to surgery, Plaintiff contacted Defendant and "engaged in a very specific and scripted dialogue" to ensure that Defendant would pay for the surgery. (Rec. Doc. 4). Defendant assured Plaintiff that patient was covered under her health insurance plan for the procedure. (Rec. Doc. 4). Plaintiff undertook the procedure which Defendant then refused to provide payment for. (Rec. Doc. 4). Plaintiff's claims

include breach of oral contract and/or detrimental reliance due to Defendant's alleged misrepresentation. (Rec. Doc. 4).

Movant, Plaintiff here, contends that because it is an independent third-party, its claims against Defendant are not preempted by ERISA. (Rec. Doc. 4). Further, movant contends that its claims are independent of the typical ERISA plan suit, that it is not suing under an assignment of rights theory, and that this claim does not relate to ERISA within the meaning 29 U.S.C. § 1144(a). (Rec. Doc. 4). Therefore, because Defendant created an independent contract for payment with Plaintiff when it allegedly verified coverage, ERISA does not preempt this claim and the case should be remanded to state court. (Rec. Doc. 4). In addition, Plaintiff stipulates that it will not seek more than $75,000.00, nor will it accept judgment of more than this amount. Plaintiff further stipulates that it cannot collect treble damages as it has not mailed a copy of the petition to the attorney general as required by La. Rev. Stat. 51:1409(B). (Rec. Doc. 4). Because ERISA does not preempt its claims and the amount in controversy requirement is not fulfilled, Plaintiff contends that this court cannot exercise subject matter jurisdiction over the case. (Rec. Doc. 4).

Respondent contends that ERISA preempts Plaintiff's state law claims and thus removal was proper. (Rec. Doc. 5). Defendant argues that because the patient assigned his rights to Plaintiff,

Plaintiff could have brought a claim under ERISA § 502(a)(1)(B) and that no other independent legal duty was implicated by Defendant's actions. (Rec. Doc. 5). Therefore, Defendant argues in its Opposition to Plaintiff's Motion to Remand that the motion should be denied and the case remain under federal jurisdiction. (Rec. Doc. 5).

## DISCUSSION

Federal courts are courts of limited jurisdiction. The burden of establishing federal jurisdiction is on the removing party. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In deciding whether subject matter jurisdiction exists, a court must look to the claims in the state court pleadings as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Statutes conferring removal jurisdiction are to be strictly construed in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 61 S.Ct. 868 (1941).

**I.   Federal Question Jurisdiction**

Federal District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when Plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); (*citing Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). However,

there is a corollary to the well-pleaded complaint rule: "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life. Ins.*, 481 U.S. at 63-64. With regard to ERISA: "Congress has clearly manifested an intent to make causes of action within the scope of civil enforcement provisions of § 502(a) removable to federal court." *Id.* at 66.

In determining whether ERISA preempted a participant and beneficiary's state law tort claims, the Supreme Court in *Aetna Health Inc. v. Davila* applied the following inquiry: "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by Defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." 542 U.S. 200, 210 (2004). In *Davila*, the court found that the participant and beneficiary of an ERISA plan could have brought their claims under § 502(a)(1)(B) and that there was no other independent legal duty implicated by Defendant's actions. *Id.* at 211-13. Thus, Plaintiffs' state law claims were preempted by ERISA. *Id.* at 214.

Here, Defendant's argue along the lines of *Davila* that: (1) Plaintiff could have brought a claim under § 502(a)(1)(B) as they were assigned the patient's rights and, (2) that there was no independent legal duty implicated by Defendant's actions. (Rec.

Doc. 5). Although Defendant has a valid argument that Plaintiff could have brought an ERISA claim pursuant to its assignment of rights, Defendant has no argument that an independent legal duty was not implicated by its actions. In fact, that is exactly what Plaintiff is arguing here, that an independent legal duty was created by Defendant's alleged misrepresentation.

In addition to the two part preemption test from *Davila*, the Fifth Circuit also applies another two-prong test: "A Defendant pleading preemption must prove that: (1) the claim 'addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of the Plan; and (2) the claim directly affects the relationship among traditional ERISA entities...'" *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006); (quoting *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004)).

Plaintiff here is not attempting to recover benefits under an ERISA plan, thus the claim does not address an area of exclusive federal concern. (Rec. Doc. 4). As an independent third-party medical provider, Plaintiff is attempting to recover the benefits that Defendant allegedly assured Plaintiff it would provide. (Rec. Doc. 4). Additionally, Plaintiff has a strong argument that ERISA does not preempt its claim because in the Fifth Circuit "a health care provider does not even have independent standing to seek redress under ERISA." *Mem'l Hosp. Sys. v. Northbrook Life Ins.*

*Co.*, 904 F.2d 236, 249 (5th Cir. 1990); (*citing Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988)).

Plaintiff cites to many factually similar cases from the Eastern District of Louisiana where an independent third-party's motion to remand was granted because ERISA was not found to preempt state law contract claims from misrepresentation and detrimental reliance. *Transitional Hosp. Corp. of Louisiana v. Louisiana Health Serv. & Indem. Co.*, No. 02-354, 2002 WL 1303121, *3 (E.D. La. June 12, 2002)(Zainey, J.); *McLachlan v. Louisiana Health Serv. & Indem. Co.*, No. 02-0424, 2002 WL 1461885, *3 (E.D. La. July 3, 2002)(Lemelle, J.); *Intra-Operative Monitoring Services, Inc. v. Humana Health Benefit Plan of Louisiana, Inc.*, No. 04-2621, 2005 WL 1155847 (E.D. La. May 5, 2005)(Zainey, J.); *Tenet Health Sys. Hospitals, Inc. v. Crosby Tugs, Inc.*, No. 04-1632, 2005 WL 1038072 (E.D. La. April 27, 2005)(Engelhardt, J.).

Defendant attempts to distinguish these cases arguing that in the case here "in order to establish oral contract or detrimental reliance claims, inquiry in this case would have to be made as to handling, review and disposition of the requests for coverage under an ERISA plan." (Rec. Doc. 5).  However, this argument fails when the claim is based solely on a misrepresentation made by the insurer to an independent third party medical provider and not based on what coverage was available under the plan. *See Omega*

6

*Hosp., L.L.C. v. Aetna Life Ins. Co*, No. 08-3712, 2008 WL 2787466, *3 (E.D. La. July 16, 2008)(Livaudais, J.). Plaintiff is not arguing that the patient should be covered for this procedure under her ERISA plan. Instead Plaintiff argues that it should be compensated for its reasonable reliance on Defendant's alleged misrepresentation of coverage. (Rec. Doc. 4).

Moreover, in addition to the fact that Defendant has not met the first prong of the Fifth Circuit's test that the claim address an area of exclusive federal concern, Defendant has also failed to meet the second prong that the parties involved are both ERISA entities. ERISA entities are listed as the employer, the plan and its fiduciaries, and the participant or beneficiary of the plan. *Bank of Louisiana*, 468 F.3d at 242. As an independent third party medical provider, Plaintiff is not a traditional ERISA entity. As Plaintiff is not suing in an assignment capacity, Plaintiff can not be characterized as a participant or beneficiary of an ERISA plan. (Rec. Doc. 4). Thus, the second prong is not met.

**II. Diversity Jurisdiction**

The parties here are diverse as Plaintiff is a Louisiana resident and Defendant's corporate headquarters is located in Connecticut. (Rec. Doc. 1). Neither in the Notice of Removal nor in the Opposition to Motion to Remand does Defendant argue that the $75,000.00 amount in controversy requirement has been met to establish 28 U.S.C. § 1332 diversity jurisdiction. (Rec. Doc. 1);

(Rec. Doc. 5).  To establish subject matter jurisdiction, the burden is on the removing party to prove by a preponderance of the evidence that the amount in controversy has been met.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  There are two ways in which a removing party may show the jurisdictional amount has been met: (1) by demonstrating that it is facially apparent that the claims are greater than $75,000 ; or (2) by demonstrating the facts in controversy support a finding of the requisite amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, as Defendant has not made an argument under either of these two options to show that the amount in controversy exceeds $75,000, subject matter jurisdiction pursuant to § 1332 diversity jurisdiction is not present.  Additionally, it is facially apparent from the complaint that the amount in controversy does not meet the $75,000 minimum.  Plaintiff is claiming unpaid medical services in the amount of $20,000 as well as attorney fees.  Plaintiff stipulated that it is not seeking treble damages under the Louisiana Unfair Trade Practices Act ("LUPTA") as it has not sent a copy of the petition to the attorney general as required for treble damages under La. R.S. 51:1409(B).  (Rec. Doc. 4). Accordingly, as the jurisdictional minimum for diversity jurisdiction has not been met, this Court can not exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See Omega Hosp., L.L.C. v. Aetna Life Ins. Co.*, No. 08-3719, 2008 WL 2945914 (E.D.

La. July 28, 2008)(Berrigan, J.); *Omega Hosp., L.L.C. v. Healthnow New York, Inc.*, No. 08-1373, 2008 WL 2038933, *3-4 (E.D. La. May 9, 2008)(McNamara, J.).

The abundance of case law supports Plaintiff's contention that state law contract claims arising from the alleged misrepresentation of an insurance provider are not preempted by ERISA.  Because there is no ERISA preemption for Plaintiff's oral contract and detrimental reliance claims, this court lacks subject matter jurisdiction over the case.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

New Orleans, Louisiana this 20th day of August, 2008.

UNITED STATES DISTRICT JUDGE